# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ALEX RAHMI,**

        Plaintiff,

**v.**     **CIVIL ACTION NO: 3:13-cv-132**
                                          **(JUDGE GROH)**

**JACKSON KELLY ATTORNEYS AT LAW,**

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION TO DISMISS

Currently pending before the Court is Defendant Jackson Kelly Attorneys at Law's Motion to Dismiss [Doc. 5], filed on September 23, 2013. The Defendant has moved to dismiss the *pro se* Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, in his response to this motion, the Plaintiff indicated that he sought to amend his complaint. Having considered the record and the parties' arguments, the Court **GRANTS** the Plaintiff's Motion to Amend his complaint and **GRANTS** the Defendant's Motion to Dismiss.

## I. BACKGROUND

**1. Factual Background**

The complaint alleges the following facts. The Defendant performed a foreclosure on the Plaintiff's business real estate in September 2010. Compl. ¶ 10. On December 2, 2010, the Defendant recorded a deficiency judgment of $1.358 million against the Plaintiff in the Circuit Court of Jefferson County, West Virginia. Id. ¶¶ 3-4. In support of this

allegation, the Plaintiff has attached a writ of execution dated December 2, 2010 to his complaint as Exhibit B.

The writ of execution, filed in the Circuit Court of Jefferson County, concerns a judgment issued in favor of Sovereign Bank against the Plaintiff in Maryland state court. It commands the Sheriff of Jefferson County to seize and sell the Plaintiff's personal property to collect $1,358,027.82 that the Plaintiff owed Sovereign Bank pursuant to the Maryland judgment. On the first page of the writ of execution, Sovereign Bank's attorney information appears as follows:

NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:

Jackson Kelly, PLLC
310 West Burke Street
P.O. Box 1068
Martinsburg, WV 25402
Attention: Heather Hovermale

Compl. Ex. B at 1. The footer of the writ of execution states that it was filed on March 3, 2011 in bankruptcy case number 3:11-bk-00294 as part of document eight. A review of the United States Bankruptcy Court for the Northern District of West Virginia's docket reveals that the case cited in the footer is a voluntary Chapter 13 bankruptcy petition that the Plaintiff filed on February 25, 2011.[1] See In re Rahmi, No. 3:11-bk-294 (Bankr. N.D. W.

---

[1] This Court may take judicial notice of public records, including court records, when ruling on a motion to dismiss. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (explaining that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" (citation omitted)); Brown v. Edmonds, No. 7:12-CV-00267, 2012 WL 2526735, at *2 (W.D. Va. June 29, 2012) (taking judicial notice of state court records *sua sponte* to determine that the statute of limitations barred a *pro se* inmate's claims). Thus, the Court can–and will–take judicial notice of the court records of the Plaintiff's bankruptcy case. Taking judicial notice of these records is appropriate here

Va.). The writ of execution is part of document eight filed in that case, a motion to dismiss filed by Sovereign Bank with the Defendant as its counsel. Mot. to Dismiss, In re Rahmi, No. 3:11-bk-294 (Bankr. N.D. W. Va. March 3, 2011), ECF No. 8.

Additionally, the complaint alleges that the foreclosure sale "was Arbitrary at $ 1.6 Million, whereas the appraisal performed by Professional Appraisal Corp. confirms the [Fair Market Value $3.318 Million, exhibit 1] the [sic] foreclosure sale price was so low to shock the conscience of the Court." Compl. ¶ 10. It further alleges that the Defendant "recorded a fraudulent Deficiency Judgment claim" against him. Id. ¶ 13.

**2. Procedural History**

The Plaintiff initiated this case on September 12, 2013 by filing a complaint against the Defendant in the Circuit Court of Jefferson County, West Virginia. His complaint raises two claims under the False Claims Act and a breach of fiduciary duty claim. Id. ¶¶ 14-20. It seeks reversal of the $1.358 million deficiency judgment, damages, and civil penalties. Id. at 11. On September 20, 2013, the Defendant removed this case to this Court.

On September 23, 2013, the Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion also argued that the Court should sanction the Plaintiff under Federal Rule of Civil Procedure 11. The Court issued a *Roseboro* Notice to the Plaintiff on September 25, 2013. The Plaintiff filed his response to the Motion to Dismiss on October 11, 2013. In addition to responding to the Motion to Dismiss in this filing, the Plaintiff averred that he sought to amend his complaint to name Jackson Kelly PLLC as the defendant rather than Jackson Kelly Attorneys at Law. Opp'n

---

because, as detailed later, the complaint and Plaintiff's response to the Motion to Dismiss rely in large part on the copy of the writ of execution from the bankruptcy case.

to Mot. to Dismiss ¶ 1. The Defendant filed a reply on October 14, 2013. Following the Defendant's reply, the Plaintiff filed surreplies on October 28, 2013, November 5, 2013, and November 14, 2013 without leave of court.[2]

Meanwhile, on September 25, 2013, the Court entered a first order and notice regarding discovery and scheduling conference. On October 14, 2013, the Defendant filed a motion to defer or extend the dates in the first order and notice. The Court granted this motion on October 17, 2013, continuing the dates set forth in the first order and notice pending resolution of the Motion to Dismiss.

On November 5, 2013, the Plaintiff filed an Amended Complaint without leave of court or the Defendant's consent. On November 18, 2013, the Defendant filed a response to the Plaintiff's three surreplies and the Amended Complaint. This response again argued that the Court should issue sanctions under Rule 11.

On December 2, 2013, the Plaintiff filed a motion for hearing and representation by counsel. He requested that the Court hold a hearing regarding the Motion to Dismiss, the documents submitted regarding the motion to dismiss, and the Defendant's November 18, 2013 response. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule of Civil Procedure 72.01(d)(6), Magistrate Judge James E. Seibert reviewed the Plaintiff's request for appointment of counsel and denied it on December 3, 2013. He amended this order the next day, but still denied the Plaintiff's request. Finally, on December 4, 2013, the Court denied the motion for a hearing.

---

[2] Under Local Rule of Civil Procedure 7.02(b)(3), a party "shall not file surreply memoranda except by leave of court." Because the Plaintiff did not seek leave of court to file these surreplies, the Court will disregard them when ruling on the Motion to Dismiss.

4

## II. STANDARDS OF REVIEW

**1. Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." A plaintiff may amend his complaint under this provision even if he requests leave to amend. See St. John v. Moore, 135 F.3d 770, 1998 WL 71516, at *1 (4th Cir. Feb. 23, 1998) (per curiam) (finding a district court abused its discretion by denying a motion to amend a complaint made before the time to amend as of course expired). If Rule 15(a)(1)(B) does not apply, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

**2. Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A defendant can challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted" under Rule 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at

555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557). Because this case involves a *pro se* Plaintiff, however, the Court holds the complaint to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972).

When reviewing a Rule 12(b)(6) motion, a court must assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations are entitled to the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips, 572 F.3d at 180.

### III. DISCUSSION

**1. Motion to Amend Complaint and November 5, 2013 Amended Complaint**

In his response to the Motion to Dismiss, the Plaintiff states that he "seeks to amend the defendant to be Jackson Kelly PLLC." Opp'n to Mot. to Dismiss ¶ 1. Because the Plaintiff moved to amend his complaint within twenty-one days of service of the Defendant's Motion to Dismiss, he may amend it without the Court's approval. FED. R. CIV. P. 15(a)(1)(B). Accordingly, the Court **GRANTS** the Plaintiff's Motion to Amend his complaint

and **ORDERS** that this case proceed against Jackson Kelly PLLC.

As for the Amended Complaint filed on November 5, 2013, it is not properly before the Court. Because the Plaintiff amended his complaint as of course, he could only amend his complaint again with the Defendant's consent or leave of court.[3] FED. R. CIV. P. 15(a)(2). Neither of those situations occurred here. Accordingly, the Court will not consider the Amended Complaint because Rule 15(a)(2) does not apply.

### 2. Motion to Dismiss

Because defects raised in the Motion to Dismiss may remain in the complaint despite the fact that it now names Jackson Kelly PLLC as the defendant, the Court may "consider the [Defendant's] motion as being addressed to the amended pleading." 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2013); see also Jordan v. City of Philadelphia, 66 F. Supp. 2d 638, 642 (E.D. Pa. 1999).

The Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) on five grounds–(1) that it is not a proper party; (2) that West Virginia public policy bars this case; (3) that the False Claims Act does not cover claims of fraud concerning private persons; (4) that collateral estoppel bars the breach of fiduciary duty claim; and (5) that the statute of limitations bars the breach of fiduciary duty claim. The Court will discuss the third and fifth grounds for dismissal because, taken together, they are dispositive.

#### a. False Claims Act Claims

The complaint asserts two claims under the False Claims Act. In support of these

---

[3] Even if the Plaintiff had not already amended his complaint, Rule 15(a)(1)(B) would not apply because he filed the Amended Complaint more than twenty-one days after the Defendant served its Motion to Dismiss.

claims, it alleges that the Defendant "knowingly or acting in deliberate ignorance and/or with reckless disregard for the Truth, caused false and fraudulent claims to be recorded against the plaintiff in the Circuit Court of Jefferson, County, West Virginia." Compl. ¶ 15. The Defendant argues that these claims are not cognizable because they arise from alleged fraud committed against the Plaintiff.

Congress enacted the False Claims Act, 31 U.S.C. §§ 3729-33, to combat fraud perpetrated against the United States. Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). To that end, "[t]he False Claims Act imposes civil liability on any person who "knowingly presents, or causes to be presented, to [the United States government] a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting 31 U.S.C. § 3729(a)). Under 31 U.S.C. § 3730(b)(1), "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government." The Act therefore applies only when fraud was committed against the United States. See id.; see also Hutchins v. Wilentz, Goldman & Spitzer, 253 F.3d 176, 184 (3d Cir. 2001) ("The False Claims Act seeks to redress fraudulent activity which attempts to or actually causes economic loss to the United States government."). Indeed, "the United States is the real party in interest in any False Claims Act suit." United States ex rel. Milam v. Univ. of Texas M.D. Anderson Cancer Ctr., 961 F.2d 46, 50 (4th Cir. 1992).

Here, although the complaint alleges that the Defendant committed fraud, it does not allege that the United States suffered any losses due to that fraud. The complaint only

alleges that the Plaintiff has incurred losses. See Compl. ¶¶ 1-4, 10-13, 15-16. Indeed, in his response to the Defendant's motion, the Plaintiff reinforces that his assets–not those of the United States– are at issue. He does so by asserting that the Defendant "knowingly presented and recorded a false Judgment claim for payment against *Alex Rahmi's* Bon Air assets controlled by United States Trustee" when arguing that the Defendant is liable under the False Claims Act. Opp'n to Mot. to Dismiss ¶ 5 (emphasis added). The False Claims Act, however, does not recognize claims involving fraud committed against a private person like the Plaintiff. See Hutchins, 253 F.3d at 184; see also United States ex rel. Wilson, 525 F.3d at 376. Accordingly, the False Claims Act claims fail to state a claim upon which relief can be granted because they are based on allegations of fraud committed upon the Plaintiff–not the United States.[4]

### b. Breach of Fiduciary Duty Claim

The breach of fiduciary duty claim alleges, among other things, that the Defendant "had a duty to refrain from taking advantage of the plaintiff, by the slightest misrepresentation to make full and fair disclosure of all material facts, and to take on affirmative duty of employing reasonable care to avoid Foreclosure Fraud." Compl. ¶ 19.

The Defendant argues that a two-year statute of limitations bars this claim because

---

[4] Even if these claims were cognizable, they would still be subject to dismissal because the Plaintiff cannot appear *pro se* as a relator in a False Claims Act action. See, e.g., United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x 802, 803 (4th Cir. 2007) ("A lay person may not bring a *qui tam* action under the False Claims Act."); United States ex rel. Abou-Hussein v. Sci. Applications Int'l Corp., No. CIV.A. 2:09-1858-RMG, 2012 WL 6892716, at *2 (D.S.C. May 3, 2012) aff'd, 475 F. App'x 851 (4th Cir. 2012) ("Once Plaintiff became *pro se*, he was not permitted to continue the two traditional False Claims Act counts against the Defendants.").

the statute of limitations began to run by May 13, 2011 when the Plaintiff filed a Proposed Preliminary Injunction in a state court case where Sovereign Bank (represented by the Defendant) sought to collect the Maryland judgment. The Defendant attached a copy of the Proposed Preliminary Injunction to its Motion to Dismiss. The Court may take judicial notice of this document when ruling on this motion because its authenticity is not disputed, it is integral to the complaint as it includes the same copy of the writ of execution attached to the complaint, and it is a court record. See Philips, 572 F.3d at 180; see also Witthohn, 164 F. App'x at 396; Colonial Penn Ins. Co., 887 F.2d at 1239.

In response, the Plaintiff argues that he filed this case "due to Newly Discovered Evidence, confirming that Jackson Kelly PLLC [Law Firm Representing Sovereign Bank] purposely violated the *Federal Court Order No. 06-2876, Munoz v. Sovereign Bank* by recording" the $1.358 million deficiency judgment "without first obtaining an accurate Appraisal determining the Fair Market Value of Plaintiff's business Real Estate." Opp'n to Mot. to Dismiss ¶ 2. The Plaintiff refers the Court to Exhibit 1 of his response to support this argument. Exhibit 1 is the same writ of execution attached to the complaint as Exhibit B.

"When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." Faircloth v. Nat'l Home Loan Corp., 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003) (dismissing a claim based on a statute of limitations defense); see also Miller v. Pac. Shore Funding, 224 F. Supp. 2d 977, 985 (D. Md. 2002) (stating that, "[w]hen it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss"). The Court applies the West Virginia statute of limitations as well as West Virginia law construing it. Wade v. Danek

Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that district courts should apply the state statute of limitations and any rule "that constituted an integral part of the state statute of limitations").

In Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009), the Supreme Court of Appeals of West Virginia explained that courts should conduct a five-step analysis to determine whether the statute of limitations bars a cause of action. The Court will consider each step of this analysis in turn.

First, the Court must "identify the applicable statute of limitation." Id. at 265. Here, West Virginia imposes a two-year statute of limitations for breach of fiduciary duty claims. W. VA. CODE § 55-2-12; Wooton v. Roberts, 518 S.E.2d 645, 648-49 (1999) (recognizing that two-year statute of limitations applied to breach of fiduciary duty claim); see also Brumbaugh v. Princeton Partners, 766 F. Supp. 497, 500 (S.D. W. Va. 1991) aff'd, 985 F.2d 157 (4th Cir. 1993) (noting that a breach of fiduciary duty claim is "subject to the two year statute of limitations set forth in *W.Va.Code*, § 55-2-12").

Second, the Court "should identify when the requisite elements of the cause of action occurred." Dunn, 689 S.E.2d at 265. The breach of fiduciary duty claim relates to the foreclosure and subsequent deficiency judgment as the complaint supports this claim with the following allegations:

> 17. [The Defendant] must provide services with trust and confidence and comply with the code of ethics.
>
> 18. By virtue of its fiduciary duty, [the Defendant] has an obligation to act in utmost good faith, candor, honesty, integrity, fairness, undivided loyalty and fidelity in its dealings.
>
> 19. By the virtue of its Fiduciary duty, [the Defendant] had a duty to refrain from taking advantage of the plaintiff, by the slightest misrepresentation to

> make full and fair disclosure of all material facts, and to take an affirmative duty of employment reasonable care to avoid Foreclosure Fraud.

The complaint alleges that the Defendant foreclosed on the Plaintiff's property in September 2010. Compl. ¶ 10. It further alleges that the foreclosure led the Defendant to enter the $1.358 million deficiency judgment as reflected in the writ of execution filed in the Circuit Court of Jefferson County on December 2, 2010. Id. ¶¶ 2-4, 11-12; Compl. Ex. B. The first page of the writ of execution contains the Defendant's name and address as the attorney for Sovereign Bank. Compl. Ex. B at 1. On March 3, 2011, the writ of execution was filed in bankruptcy case number 3:11-bk-00294 as part of document eight. Id.; Mot. to Dismiss, In re Rahmi, No. 3:11-bk-294, ECF No. 8. The Plaintiff filed this bankruptcy case. See In re Rahmi, No. 3:11-bk-294. On May 13, 2011, the Plaintiff filed a Proposed Preliminary Injunction concerning the foreclosure in civil action number 10-C-284 in the Circuit Court of Jefferson County, a case brought by Sovereign Bank against the Plaintiff. Mot. to Dismiss Ex. B. The Plaintiff included with his Proposed Preliminary Injunction the same writ of execution that was filed in his bankruptcy case and that the Plaintiff attached to his complaint in this case. Id. at 23-24.

Third, the Court must determine whether the discovery rule should apply using the criteria set forth in Syllabus Point 4 of Gaither v. City Hosp., Inc., 487 S.E.2d 901 (W. Va. 1997). Dunn, 689 S.E.2d at 265. Syllabus Point 4 of Gaither provides:

> In tort actions . . . under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

"[W]hether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The

plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Syl. pt. 4, Dunn, 689 S.E.2d at 258. Additionally, "[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach." McCoy v. Miller, 578 S.E.2d 355, 359 (W. Va. 2003).

As a primary matter, while the Court finds below that the Plaintiff knew or, by the exercise of reasonable diligence, should have known of his breach of fiduciary duty claim through the writ of execution, the record belies the Plaintiff's contention that the writ of execution is "Newly Discovered Evidence." The foreclosure occurred in September 2010. Compl. ¶ 10. The writ of execution reflecting the $1.358 million deficiency judgment was filed in the Circuit Court of Jefferson County on December 2, 2010. Compl. Ex. B. The writ of execution included with the complaint in this case was filed in the Plaintiff's bankruptcy case on March 3, 2011. Compare id., with Mot. to Dismiss, In re Rahmi, No. 3:11-bk-294, ECF No. 8. On May 13, 2011, the Plaintiff filed a Proposed Preliminary Injunction in state court that included the copy of the writ of execution from the bankruptcy case. Compare Mot. to Dismiss Ex. B at 23-24, with Compl. Ex. B, and Mot. to Dismiss, In re Rahmi, No. 3:11-bk-294, ECF No. 8. The fact that the Plaintiff filed the writ of execution in a prior case concerning the foreclosure and deficiency judgment indicates that he knew–or, at the very least, should have known–of its existence at that point. Thus, the writ of execution is not "Newly Discovered Evidence" as the Plaintiff knew or should have known of it no later than

13

May 13, 2011 when he filed it in state court.

In light of the foregoing, the Plaintiff knew or by the reasonable exercise of diligence should have known of the elements of his breach of fiduciary claim when he filed the Proposed Preliminary Injunction because it included the writ of execution. The writ of execution states that Sovereign Bank sought to collect from the Plaintiff the $1.358 million at issue in this case. With that information, the Defendant knew or should have known of the injury at issue–the financial harm that he suffered following the foreclosure. Further, upon receiving the writ of execution, the Plaintiff knew or should have known of the Defendant's identity and involvement in the foreclosure and efforts to collect the $1.358 million because the writ of execution includes the Defendant's name and address in the middle and center of its first page beneath an all-caps header stating that the Defendant is Sovereign Bank's counsel. Id. Thus, when the Plaintiff knew or should have known of the writ of execution, he also knew or should have known of this claim. That occurred when he filed the Proposed Preliminary Injunction that included the writ of execution in state court. Accordingly, applying the discovery rule, the statute of limitations began to run on the Plaintiff's breach of fiduciary duty claim no later than May 13, 2011, the date of the Proposed Preliminary Injunction's filing.

Fourth, if the court finds that "the plaintiff is not entitled to the benefit of the discovery rule," it then "determine[s] whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action." Dunn, 689 S.E.2d at 265. If the plaintiff can make this showing, "the statute of limitations is tolled." Id. Here, there is no indication–and the Plaintiff has not argued–that the Defendant concealed its involvement in the foreclosure or deficiency judgment proceedings or the nature of those

proceedings. For example, the Defendant's name appears on the first page of the writ of execution. Thus, fraudulent concealment does not toll the statute of limitations.

Fifth, "the court . . . should determine if the statute of limitation period was arrested by some other tolling doctrine." Id. The Plaintiff has not referenced another tolling doctrine in his complaint or response to the Motion to Dismiss. Thus, this step does not apply.

In light of the foregoing Dunn analysis, the statute of limitations bars the Plaintiff's breach of fiduciary duty claim. A two-year statute of limitations applies to this claim. W. VA. CODE § 55-2-12; Wooton, 518 S.E.2d at 648-49. Giving the Plaintiff the benefit of the discovery rule, the statute of limitations began to run no later than May 13, 2011. The Plaintiff filed this case on September 20, 2013–more than two years after that date. Accordingly, the Court **DISMISSES** the breach of fiduciary duty claim because the two-year statute of limitations bars it.

### 3. Motion for Sanctions

In its Motion to Dismiss and response filed November 18, 2013, the Defendant argues that the Court should issue an order to show cause under Rule 11 and consider precluding the Plaintiff from filing another case related to the Maryland judgment and foreclosure. The Defendant asserts that this course of action is appropriate as this is the third lawsuit in which the Plaintiff has challenged the foreclosure's legitimacy. The Plaintiff, the Defendant avers, challenged the foreclosure's validity in the aforementioned West Virginia state court case and lost, filed suit in this Court against Sovereign Bank regarding the foreclosure and lost, see Rahmi v. Sovereign Bank N.A., No. 3:12-CV-87, 2013 WL 412623 (N.D. W. Va. Feb. 1, 2013), and has now sued the Defendant–Sovereign Bank's

lawyer–again alleging that the foreclosure was fraudulent. The Defendant further argues that sanctions are needed because, in <u>Rahmi v. Sovereign Bank N.A.</u>, this Court ordered the Plaintiff to show cause why he should not be sanctioned after he asked the Court to reconsider its dismissal of his case three times.

A party must make a motion for sanctions "separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). Additionally, a court "may order [a] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(c)(3).

Here, because the Defendant has not filed a separate motion for sanctions, the Court may sanction the Plaintiff only if the Court issues a show cause order and then finds that sanctions are appropriate. FED. R. CIV. P. 11(c)(2)-(3). At this time, the Court declines to issue a show cause order to the Plaintiff. However, the Court cautions the Plaintiff–as it did in <u>Rahmi v. Sovereign Bank N.A.</u>–that Federal Rule of Civil Procedure 11 still applies to him and his filings. <u>See</u> <u>Vukadinovich v. McCarthy</u>, 901 F.2d 1439, 1445 (7th Cir. 1990) ("Status as a *pro se* litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous."); <u>Farguson v. Mbank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986) (noting that a party's *pro se* status does not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets"). Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contents are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). If the Court determines, "after notice and a reasonable opportunity to respond, that Rule 11(b) has been violated, the [C]ourt may impose an appropriate sanction on . . . [a] party that violated the rule." FED. R. CIV. P. 11(c)(1). As noted, the Court may order a party to show cause why his or her conduct has not violated Rule 11(b). FED. R. CIV. P. 11(c)(3).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion to Amend his complaint. The Court **ORDERS** that this case proceed with Jackson Kelly PLLC as the defendant rather than Jackson Kelly Attorneys at Law.

The Court **GRANTS** the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and accordingly **DISMISSES** this action **WITH PREJUDICE**. The Court further **ORDERS** that this case be **STRICKEN** from this Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 25, 2014.

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE